UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK F. FERRANDO, Jr., | No. 2:15-cv-1312 KJN P (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| SOLANO COUNTY JAIL, | |
| Defendant. | |

Plaintiff is an inmate, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

////

////

I. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Most importantly, a plaintiff

2

must allege with at least some degree of particularity overt acts in which individual defendants engaged that support plaintiff's claim. Id.

## II. Screening Analysis

Plaintiff has alleged that officials at the Solano County Jail have inflicted pain and suffering in not responding to his complaints that he needs dental care. He has named only "Solano County Jail" as a defendant.

### A. Constitutional Standards

First, it is not clear whether plaintiff was a pretrial detainee at the Solano County Jail when the alleged violations took place or whether he was there having been convicted of a crime in state court and remanded to the custody of the California Department of Corrections and Rehabilitation. "Claims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than the Eighth Amendment [,which applies to prisoners in custody pursuant to a judgment of conviction]." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Where a plaintiff alleges inadequate medical care, however, "pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, [so] we apply the same standards." Id.

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). In order to prevail on a claim of cruel and unusual punishment, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991),

overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. Farmer, 511 U.S. at 834. In general, a prisoner evinces deliberate indifference by showing that prison officials denied, delayed, or intentionally interfered with medical treatment, or points the deficient way in which prison officials provided medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). However, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). See also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State

Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). See also McGuckin, 974 F.2d at 1060.

Mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

"Dental care is one of the most important medical needs of inmates." Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989) (citations and quotation marks omitted). Although delay in providing an inmate dental care, standing alone, does not constitute an Eighth Amendment violation, an allegation that prison officials failed to provide it despite knowing of the inmate's pain and suffering sufficiently states a claim of deliberate indifference under § 1983. Id.

### B. Official Capacity vs. Individual Capacity

Ordinarily, when a plaintiff wants to hold a public entity such as a jail liable under § 1983, he must proceed against a named defendant on a theory of "official capacity." Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n.55 (1978). To state a claim against a defendant in his or her official capacity, a plaintiff must aver (1) he suffered a specific constitutional violation, and (2) the public entity's policy or custom was the "moving force" that caused the deprivation. Kentucky v. Graham, 473 U.S. 159, 166 (1985). See also Hafer v. Melo, 502 U.S. 21, 25 (1991) (explaining that "[b]ecause the real party in interest in an official-capacity suit is the governmental entity and not the named official, 'the entity's policy or custom must have played a part in the violation of federal law'") (quoting Graham, 473 U.S. at 166).

State agencies and officials are immune from remedial or retrospective relief, such as damages, in official capacity lawsuits unless Congress has abrogated that immunity under its

power to enforce the Fourteenth Amendment or the state has waived its immunity. See Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004); Holley v. CDCR, 599 F.3d 1108, 1111 (9th Cir. 2010). There is no such waiver under § 1983. Therefore, to the extent plaintiff seeks damages or any retrospective injunctive relief from Solano County Jail by suing a staff member there in his or her official capacity, the jail and the official are immune. On the other hand, prospective relief is available in an official-capacity lawsuit. Frew, 540 U.S. at 437.

A civil rights plaintiff's other alternative is to proceed against named defendants in their "individual capacities." In that type of case, a plaintiff seeks to impose personal liability upon government officials for actions they took under color of state law. See, e.g., Scheuer v. Rhodes, 416 U.S. 232, 237-238 (1974). To state a claim against an official in his individual capacity under § 1983, a plaintiff must allege (1) the violation of a federal constitutional or statutory right and (2) that the violation was committed by a specific person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

A defendant cannot be not liable on a civil rights claim in his individual capacity unless the facts establish that defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged violation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). In an individual-capacity lawsuit, a plaintiff may not sue any supervisory official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009). Instead, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id.

In contrast to the limited, prospective relief available in an official-capacity lawsuit, damages are available in an individual-capacity lawsuit. See, e.g., Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1990). A court may construe a demand for damages as a plaintiff's intention to sue a defendant in his individual capacity and not in his official capacity. Id.

////

////

6

C. Conclusion

In this case, plaintiff has asked for prospective injunctive relief and for damages, but he has not named any individual defendants, leaving the court unable to infer that he means to proceed only on a theory of individual liability. Indeed plaintiff has named "Solano County Jail" as the only defendant, suggesting some intent to proceed on a theory of official liability, but he does not allege that the constitutional violation he suffered was the result of a policy or custom at the Solano County Jail. Having effectively mixed the elements and pleading requirements of an individual-capacity lawsuit with an official-capacity lawsuit, the plaintiff has presented a claim too vague to meet the screening standards described above. Simply put, the court cannot tell whether plaintiff is proceeding on a theory that he experienced unnecessary pain and suffering because of some policy or custom at the Solano County Jail or if that alleged constitutional deprivation was the result of one or more individual defendants' deliberate indifference to his serious medical need – or both. Plaintiff cannot proceed until he makes more specific allegations clarifying his intent in bringing this lawsuit, and he must do so in accordance with the legal standards described above.[1] Plaintiff's complaint must be dismissed, but the court will grant leave to file an amended complaint so that plaintiff can meet the pleading requirements explained in this order.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of

---

[1] If plaintiff means to sue a specific person for damages, for example, he must name that person and say why that person is liable – that is, say in what manner they demonstrated deliberate indifference to his serious medical need.

7

Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff is informed that failure to file an amended complaint or otherwise respond to this order within the time allowed will result in dismissal of his case for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted (ECF No. 7).

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: January 13, 2016

/ferr1312.screen

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE